## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KAY MARTIN, ) | |
| ) | Case No. |
| ) | |
| Plaintiff, ) | |
| ) | **JURY TRIAL DEMANDED** |
| v. ) | |
| ) | |
| ESIS (A Division of CHUBB Insurance) ) | |
| ) | |
| ) | |
| Serve:      Karen Glickstein - Attorney ) | |
|             Jackson Lewis, P.C. ) | |
|             7101 College Blvd., Ste. 1200 ) | |
|             Overland Park, Kansas 66210 ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

**COMES NOW**, Kay Martin, Plaintiff herein, and files this Complaint against ESIS (A Division of CHUBB Insurance (hereinafter referred to as "ESIS" or "Defendant"), seeking to recover damages for employment discrimination and retaliation in violation of the Americans with Disabilities Act of 1990, as amended ("ADA") and the Age Discrimination in Employment Act of 1967 ("ADEA").  Plaintiff, in support of same, would show the following to-wit:

## PARTIES

1.      Plaintiff, is a female resident citizen of the state of Kansas, and at all relevant times was an "employee" of ESIS within the meaning of the ADA and ADEA.

2.      ESIS is a corporation organized and existing under the laws of the State of Kansas. Defendant may be served through counsel at Jackson Lewis, P.C., 7101 College Blvd., Ste. 1200, Overland Park, KS 66210.

1

3.      At all relevant times, ESIS was an "employer" within the meaning of the ADA and ADEA in that it engaged in industry affecting commerce and employed more than the requisite number of persons for the requisite duration under the rerferenced statutes.

4.      All of the acts, conduct and omissions of ESIS were performed by their agents, representatives and employees while in the course and scope of their agency or employment.

## JURISDICTION AND VENUE

5.      Jurisdiction is asserted pursuant to the ADA, 42 U.S.C. § 12101 *et seq.*, and the ADEA , 29 U.S.C. § 621 *et. seq*.

6.      This Court has federal question jurisdiction over the subject matter of this litigation pursuant to 28 U.S.C. § 1331, as the acts complained of involve violations of Plaintiff's rights under federal law.

7.      The alleged unlawful employment practices took place at Defendant's offices located at 7450 W. 130th St., Overland Park, Kansas 66213.

8.      Venue is proper as Defendant's acts of discrimination and wrongdoing occurred in the State of Kansas.

9.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b).

## ADMINISTRATIVE PROCEDURES

10.      Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action. Plaintiff filed a timely Charge of Discrimination against ESIS with the Equal Opportunity Employment Commission on or about July 17, 2019, hereto attached as Exhibit A, and incorporated as if fully set forth herein.

11.      On March 2, 2020, Plaintiff was issued a Notice of Right to Sue from the Equal Opportunity Employment commission, authorizing her to proceed with her claims within 90 days

thereafter. A true and correct copy of Plaintiff's Notice of Right to Sue is attached as Exhibit B, and incorporated as if fully set forth herein.

## FACTUAL ALLEGATIONS

12.    ESIS is a division of CHUBB insurance, responsible for processing certain aspects of insurance and workman's compensation claims.

13.    Plaintiff was employed by ESIS as a Senior Worker's Compensation Representative in approximately August of 2000.

14.    Initially, Plaintiff was responsible for processing claims for the state of Minnestoa.  Later, Plaintiff was given additional responsibility and her territory increased to Kansas, Missouri, Iowa, Nebraska, Illinois, and South Dakota.

15.    Plaintiff reported to Susan Plummer and Brad Stark.

16.    Plaintiff was diagnosed with multiple-sclerosis ("MS") in approximately March of 2016, while employed by Defendant.

17.    Plaintiff's condition worsened after her diagnosis such that she began using a cane when walking around the office.

18.    Plaintiff's condition continued to worsen and was soon required to use a walker to move about the office.

19.    Plaintiff's job duties as a Senior Worker's Compensation Representative were duties that could be completed from home or done remotely.

20.    Eventually, Plaintiff's conditioned necessitated the need for an accommodation that included working from home.

21.    As Plaintiff's physical condition continued to deteriorate, Defendant began

3

scrutinizing Plaintiff's work performance.  Specifically, Defendant began declaring that Plaintiff was behind on certain projects and threatening discipline.

22.     In October of 2018, Plaintiff's supervisors insisted that Plaintiff was so far behind that she was impacting work flow.  Despites others also being as far, if not more, behind, Plaintiff experienced a regression in her health as a result of being targeted by her supervisrs.

23.     Between late February of 2019 and the beginning of April 2019, Plaintiff was given a leave of absence.  Plaintiff was informed that as a condition of returning from leave she could "get caught up" or negotiate a severance.  During this time, Plaintiff's supervisors also denied her accommodation of working from home until she was allegedly "caught up".

24.     During this time, other non-disabled employees were allowed to work from home, including employees who were not "caught up" with their job assignments.

25.     Sometime in March of 2019, Defendant held a meeting and outlined the protocol for working from home.

26.     Defendant used certain database technology to monitor employee job completion, including log in time and duration.  During the time that Defendant began scrutinizing Plaintiff about her performance and production, Plaintiff was more ahead in her job que than other younger non-disabled employees in her unit.

27.     Specifically, one younger employee was approximately 11 months behind in his job que.  Upon information and belief, ESIS was not scrutinizing this employer despite being further behind than Plaintiff allegedly was.

28.     Younger employees, and employees without disabilities were not scrutinized for their work production despite being late as Plaintiff allegedly was with her work.

29.     Plaintiff's accommodation was never returned, Plaintiff was offered a severance

package (which she declined) and eventually terminated because of her disability.

## COUNT I – DISABILITY DISCRIMINATION

30.     Plaintiff incorporates by reference the allegations contained in paragraphs 1-29, and further states as follows:

31.     Plaintiff had a disability that impacted her ability to move about physically and interrupated one or more major life functions.

32.     Plaintiff was regarded as disabled by Defendant.

33.     Plaintiff informed Defendant of her disability such that Defendant knew or should have known that Plaintiff was in need of an accommodation.

34.     Plainitff requested an accommodation.     Defendant made Plaintiff's accommodation dependent upon her performance rather than her status as disabled.

35.     Plaintiff was qualified for her position and was able to complete the essential functions of her job with or without a reasonable accommodation.

36.     Defendant unreasonably and unfairly made Plaintiff's accommodation contingent upon her performance and not on her disability.

37.     Plaintiff was unfairly and unlawfully targeted for allegedly being behind in her job duties, despite non-disabled employees not receiving the same targeting and/or being further behind in their job duties than Plaintiff allegedly was.

38.     Non disabled employees were allowed to work from home, while Plaintiff was told that she could not, despite Defendant's technology allowing Plaintiff to complete her job duties at home.

    WHEREFORE, as a direct consequence of said unlawful treatment, Plaintiff is entitled

5

to judgment against Nueterra for all actual and compensatory damages, punitive damages for Nueterra's conscious wrongdoing, injunctive and declaratory relief, attorneys' fees and costs, and for such other and further relief as the court deems just and proper under the circumstances.

## COUNT II – ADEA DISCRIMINATION

39.     Plaintiff incorporates by reference the allegations continaed in paragraphs 1-37, and further states as follows:

40.     Plaintiff, whose age was 59 when her employment was terminated, is a member of the protected class under the ADEA.

41.     Plainitff met all required qualificatinos for the work she was performing at ESIS.

42.     Plaintiff was subjected to a continuing hostile work environment harassment on the basis of age that had the purpose of unreasonably interfering with Plaintiff's work performance and created a hostile, offensive, and intimidating work environment in violation of the ADEA.

43.     Younger employees were not subjected to the same scrutiny, job que standards, and discipline that Plaintiff was.

44.     The hostile work environment and harassment by ESIS, and the overall culture and attitude of bias towards employees 40 and over was sufficiently pervasive or severe to affect a term, condition, or privilege of Plaintiff's employment resulting in her termination.

45.     As a result of ESIS's actions, Plaintiff has experienced tangible employment action, emotional pain, suffering, humiliation, embarrassment, mental anguish and loss of enjoyment of life, and was denied the opportunity to work in an environment free of hostility and harassment.

46.     Other similarly situated younger employees were not required to meet the same

job que obligations Plaintiff was, nor were they treated the same for being as far as or even more so than Plaintiff allegedly was behind in her job que assignments.

47.     ESIS's disparate treatement of Plaintiff was intentional and constituted discriminatory treatment in violation of the ADEA.

48.     As a direct result of said unlawful treatment, Plaintiff is entitled to judgment against Nueterra, in an amount to be determined at trial, for all actual and compensatory damages, punitive damages, injunctive and declaratory relief, attorney fees and costs, and for such other relief as the court deems proper and just under the circumstances.

WHEREFORE, as a direct consequence of said unlawful treatment, Plaintiff is entitled to judgment against Nueterra for all actual and compensatory damages, punitive damages for Nueterra's conscious wrongdoing, injunctive and declaratory relief, attorneys' fees and costs, and for such other and further relief as the court deems just and proper under the circumstances.

## COUNT III – RETALIATION

49.     Plaintiff incorporates by reference the allegations contained in paragraphs 1-48, and further states as follows:

50.     Plaintiff's work performance, at all relevant times, was at least consistent with ESIS's legitimate expectations, and Plaintiff had all the required qualifications for the work she was performing for ESIS.

51.     Plaintiff was subjected to a continuing hostile work environment harassment on the basis of her age and disability that had the purpose or effect of unreasonably interfering with Plaintiff's work performance and created a hostile, offensive, and intimidating work environment in violation of the ADA and ADEA.

52.     This hostile work environment and harassment by ESIS leadership, and the overall culture and attitude of indifference at ESIS towards disabled, and employees over 40 years of age was sufficiently pervasive or severe to affect a term, condition, or privilege of Plaintiff's employment resulting in a tangible employment action.

53.     ESIS knew or should have known of the unlawful behavior yet did not exercise reasonable care to prevent and promptly correct the hostile, offensive, and intimidating work environment.

54.     ESIS offered no preventive or corrective opportunities to Plaintiff to avoid harm, even after ESIS knew or should have known that harassment and discrimination were occurring in the work place.

55.     ESIS failed to exercise reasonable supervision over its managers, supervisors, and employees so as to keep them from harassing and retaliating against Plaintiff by placing her on forced leave, stripping Plainitff of her accommodations, and ultimately terminating Plaintiff.

56.     ESIS, by their actions and failure to act, including but not limited to those actions described above, have engaged in unlawful harassment and discriminatory actions against Plaintiff on account of Plaintiff's disability and age in violation of the ADA and ADEA.

57.     As a result of ESIS's actions, Plaintiff has experienced a tangible employment action, emotional pain, suffering, humiliation, embarrassment, mental anguish and loss of enjoyment of life, and was denied the opportunity to work in an environment free of hostility and harassment.

58.     As a result of ESIS's actions, Plaintiff has experienced emotional pain and suffering, humiliation, embarrassment, mental anguish and loss of enjoyment of life.

59.     As a direct result of said unlawful treatment, Plaintiff is entitled to judgment

against itleESIS, in an amount to be determined at trial, for all actual and compensatory damages, punitive damages, injunctive and declaratory relief, attorney fees and costs, and for such other relief as the court deems proper and just under the circumstances.

WHEREFORE, as a direct consequence of said unlawful treatment under the ADA and ADEA, Plaintiff is entitled to judgment against ESIS for all actual and compensatory damages, punitive damages for ESIS's conscious wrongdoing, injunctive and declaratory relief, attorneys' fees and costs, and for such other and further relief as the court deems just and proper under the circumstances.

Respectfully submitted,

**KRIGEL & KRIGEL, P.C.**

_____
Ivan L. Nugent KS #24512
4520 Main Street, Suite 700
Kansas City, Missouri 64111
inugent@krigelandkrigel.com
lpabst@krigelandkrigel.com
Tel No. (816) 756-5800
Fax No. (816) 756-1999

ATTORNEY FOR PLAINTIFF